IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04697-GPG

SANTOS MOISES GRANADO RIVAS,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility;
TODD BLANCHE, U.S. Attorney General;
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; and
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1). Petitioner seeks release or, in the alternative, a bond hearing at which the government bears the burden of proof (*id.* at 16–17). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Based on the allegations in the Complaint, this case is one of numerous garden-variety cases in this District and across the country seeking habeas relief for immigrants detained within

the United States but denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025). The Tenth Circuit has now conclusively resolved the interpretation of this statute in favor of Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).

The only way in which this case departs from the garden variety is that Petitioner was initially detained at the border before being paroled into the United States and then rearrested in the interior. This provides the apparent basis for the Immigration Judge's (IJ) decision (*see* D. 1-2 at 3) (citing *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019) as a basis to distinguish *Santillan Quiroz*). Courts in this District, including this Court, have uniformly rejected the proposition that the so-called "entry fiction" reattaches to or can be applied to those paroled into the country. *E.g., Babiuk v. Warden*, No. 26-CV-01559-NYW, 2026 WL 2425950, at *2 (D. Colo. Aug. 19, 2026); *Mota Villareal v. Baltazar*, No. 26-CV-02030-PAB, 2026 WL 2640620, at *1 (D. Colo. Sept. 8, 2026). For the same reasons, it cannot be applied to Petitioner.

The primary legal dispute underlying the Petition has been resolved for this Circuit and expeditious relief is warranted to those in Petitioner's circumstances. *See Santillan Quiroz,* 180 F.4th at 1251 n.13 (requiring "the district court must grant Santillan Quiroz's petition forthwith"). Respondents have taken to filing responses indicating that they will not be filing a brief in opposition in these types of cases, so an Order to Show Cause would result in unnecessary delay. Should Respondents wish to raise an argument in opposition to the grant of relief, they should do so expeditiously.

For the foregoing reasons, the Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial, and a copy of any IJ order denying bond. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED September 24, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge